(No. 43651–<span style="color:black">▮▮▮</span>

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee
v. DUDLEY BANKS, Appellant.

*Opinion filed September 30, 1971.*

WILLIAM G. ROSING, of Waukegan, for appellant.

WILLIAM J. SCOTT, Attorney General, of Springfield, (THOMAS J. IMMEL and FRED G. LEACH, Assistant Attorneys General, of counsel,) for the People.

MR. JUSTICE SCHAEFER delivered the opinion of the court:

On July 1, 1968, the defendant, Dudley R. Banks, pleaded guilty to a charge of aggravated battery in the circuit court of Lake County, and he was sentenced on August 16, 1968, to imprisonment for not less than three nor more than ten years. His amended post-conviction

petition was denied on October 28, 1969, and he has appealed directly to this court.

On appeal the defendant contends: (1) that the court's refusal to order him brought from the penitentiary to testify at his post-conviction hearing violated his constitutional right to due process of law; (2) that the trial court abused its discretion by considering an inaccurate and prejudicial psychiatric report when imposing sentence, and (3) that the sentence was excessive.

The defendant's plea of guilty to the charge of aggravated battery was entered after a full admonition, and a charge of attempt to commit murder, growing out of the same occurrence, was nolle prossed. The defendant's post-conviction petition and his brief in this court are centered upon the report of a psychiatrist who examined him prior to the imposition of sentence. The "factual issue" concerning which the defendant contends he should have been permitted to testify is whether or not he had seen the psychiatric report. The contention is without merit, for the record shows that at the time the defendant was sentenced, his attorney, in response to an inquiry by the court as to whether or not the attorneys in the case had had adequate time to go over the psychiatrist's report, replied, "The defendant has read the report and we have discussed it."

In his post-conviction petition the defendant alleged that the report of the psychiatrist was "simply a way of getting back at the court *** for trying to shift the weight off their shoulders," and that the examining psychiatrist made the following statements to him: "I know why the Judge sent you over here to see me. He thinks I will recommend that you be sent to the State Hospital at Elgin for treatment and then he won't have to bother with the case ***. I'll fix that. There isn't anything wrong with you that I can see, and I'm going to put the

responsibility right back on the Judge." Even if we assume the truth of these allegations, and that the statements were not made to test the defendant's response, there is no reason why the circumstances of which he now complains could not have been brought to the attention of the trial court before sentence was imposed.

Finally, the defendant's final contention, that his sentence was excessive, is without merit.

The judgment of the circuit court of Lake County is affirmed.

*Judgment affirmed.*