Robert **COLLINGWOOD**, Appellant (Defendant and Petitioner below),

v.

The **STATE** of Wyoming, Appellee (Plaintiff and Respondent below).

No. 4012.

Supreme Court of Wyoming.

Feb. 14, 1972.

---

1. Our Rule 50(a), W.R.C.P. (Motion for Directed Verdict) is identical to Rule 50(a), Fed. Rules Civ.Proc.

Christian S. Hinckley and McKinney, Hinckley & Hinckley, Basin, for appellant.

Clarence A. Brimmer, Atty. Gen., and William L. Kallal, Asst. Atty. Gen., Cheyenne, for appellee.

Before McINTYRE, C. J., and PARKER and McEWAN, JJ.

Mr. Justice PARKER delivered the opinion of the court.

Robert Collingwood was charged in 1970 with burglary and theft of an automobile owned by Collingwood Motors of Greybull (a Pontiac agency belonging to his father). In the district court he was advised of his rights, had counsel appointed for him, pleaded not guilty, not guilty by reason of insanity, and not triable by reason of insanity, and was committed to the state hospital for observation. After he had there been found sane he withdrew his not guilty plea, was again advised of his rights, pleaded guilty to both charges, and was sentenced three to five years on each offense, the sentences to run concurrently. Some six months later he sought post-conviction remedy under § 7–408.1, ff., W.S. 1957 (1971 Cum.Supp.), alleging violation of his constitutional rights because of (a) physical violence against him by officials of the sheriff's office, (b) the prosecuting attorney's promising a "deal" by which defendant was either to have probation or a minimum sentence, and (c) lack of defendant's understanding of the law in relation to the facts in that the conduct which he admitted by his plea did not constitute the offenses charged.[1]

At the hearing on the petition, defendant's counsel (appointed by the court to represent defendant in the post-conviction hearing) maintained that it was a denial of a person's constitutional rights if on the basis of testimony and actual evidence the elements of the crime were never inquired into to the extent of talking to or contacting defendant's father to ask him whether or not he had ever given authority, ever consented, to defendant's going into the building in question (counsel also asserted that the petition was replete with information suggesting that counsel was incompetent at the lower court level and that this could best be shown through the testimony of defendant's father).

Sheriff Warfel and the attorney who was counsel at the time defendant entered his guilty plea both testified at the hearing; but defendant was not allowed to call his father as a witness, pursuant to a previous order of the court wherein, on the State's motion to exclude, it had found that the issue at hand could be properly ascertained with the testimony of the sheriff, the defendant, and his former counsel.

■ In his appeal here defendant urges that the district court erred in not allowing the testimony of his father, who was "prepared to testify that even though he had not given his son permission to enter the building and take the car on the particular evening in question the nature and history of his relationship with his son was such that Defendant undoubtedly *thought* he could enter the building and take the car without there being any difficulty with his father," and that there was substantial evidence in the record to indicate defendant did not know the consequences of his pleas of guilty, and not knowing the consequences did not knowingly and intelligently waive his constitutional rights against self-incrimination and his right to a trial by jury. We see no merit in his arguments. We are in entire

---

1. Although in his petition defendant stated he had previously had the permission of his father to enter the premises and drive away the automobile, he did not testify at the post-conviction hearing.

agreement with the trial court that the issue could properly have been ascertained on the testimony of the witnesses allowed to be called. Furthermore, we have carefully reviewed the record and see no justification for any allegation that defendant's guilty plea was not predicated on an intelligent waiver of his constitutional rights. In fact, it appears to us that this appeal is an abuse and perversion of the post-conviction remedy procedure provided by the legislature.

Affirmed.

GUTHRIE, J., not participating.