**Manuel ESCOBEDO, Jr., Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

**No. 5196.**

Supreme Court of Wyoming.

Oct. 31, 1979.

ORDER DISMISSING APPEAL

PER CURIAM.

Manuel Escobedo, Jr., entered plea of guilty in the District Court of Washakie County to charge of first-degree sexual assault and judgment and sentence upon the charge was entered July 25, 1979. No appeal was taken from this conviction and the time for taking such appeal has expired.

On September 25, 1979, Escobedo, acting pro se, filed with the district court a motion that transcripts of all proceedings be furnished to him without charge and that he be permitted to proceed in *forma pauperis.* As stated in said motion, appellant requested the documents "for the purpose of preparing and filing a Sentence Reduction and/or Post Conviction." By order made and entered on that same date the district court found the motion to be without merit and denied the same.

On September 17, 1979, appellant filed in the district court his notice of appeal from the judgment denying "Defendant's *Motion to Obtain Transcripts* and having hereto-

---

fore been entered on the 5th day of September, 1979." The record on appeal containing all of the proceedings relative to the charge, proceedings, plea of guilty and sentence of the court, was filed on September 24, 1979.

Rule 1.04 WRAP provides

"A judgment rendered or final order made by a district court may be reversed in whole or in part, vacated or modified by the Supreme Court for errors appearing on the record."

Rule 1.05 WRAP provides in pertinent part:

"A final order is: (1) an order affecting a substantial right in an action, when such order in effect determines the action and prevents a judgment; * * *."

After examination of all pertinent statutes and rules of court this court has determined:

That § 7–11–518, W.S.1977, permitting needy persons to obtain a free transcript in connection with an appeal is inapplicable because no appeal of the conviction is pending;

That § 7–14–101, et seq., W.S.1977, pertaining to the right of imprisoned persons to apply to the court for post-conviction relief, based on a violation of constitutional rights, must be considered together with § 5–3–405 and 406, W.S.1977, requiring the court reporter to furnish transcripts at the expense of the state. Section 5–3–405, W.S.1977, states:

"In any case arising under 'An act to provide a remedy for persons convicted and imprisoned in the penitentiary, who assert that rights guaranteed to them by the constitution of the United States or the state of Wyoming, or both, have been denied, or violated, in proceedings in which they were convicted' [§§ 7–14–101 to 7–14–108], in which the presiding judge has determined that the post conviction petition is sufficient to require an answer, it shall be the duty of the official court reporter to transcribe, in whole or in part, his stenographic notes of the evidence introduced at the trial in which the petitioner was convicted, if instructed so to do by the court. * * * "

Thus two requirements must be met before the district court is required to furnish a transcript for the defendant at the state's expense. First, the defendant must file a petition seeking constitutional relief and, second, the district court must determine that the petition has merit. In the case at bar appellant has not filed a petition requesting post-conviction relief, and therefore these statutes are not applicable.

Rule 36, W.R.Cr.P. permits the court issuing a judgment and sentence to reduce the sentence within 120 days after entry of judgment. This rule makes no provision for furnishing a transcript preliminary to the application for reduction and no necessity for such transcript is shown in the record.

The Court having of its own motion considered the proceedings and being duly advised in the matter is of the opinion that the order of the district court denying a free transcript to appellant is not a judgment or final order within the meaning and purpose of Rule 1.05, WRAP.

IT IS ORDERED that the appeal be and is hereby dismissed.