THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* STEVEN BILYEU, Defendant-Appellant.

Third District    No. 81-278

Opinion filed December 9, 1981.

David Youck, of Onarga, for appellant.

No brief filed for the People.

JUSTICE HEIPLE delivered the opinion of the court:

The defendant, Steven Bilyeu, appeals from the order of the circuit court of Iroquois County dismissing his second amended petition for post-conviction relief. We affirm.

In 1976, the defendant was convicted of three counts of burglary and one count of felony theft (vehicle). He subsequently received three concurrent terms of 6 1/3 to 20 years' imprisonment for the burglary convictions and a consecutive sentence of 3 1/3 to 10 years' imprisonment for the felony theft conviction. He directly appealed the convictions and the sentencing order. His appointed appellate counsel, the State Appellate Defender's Office, moved to withdraw its representation pursuant to *Anders v. California* (1967), 386 U.S. 738, 18 L. Ed. 2d 493, 87 S. Ct. 1396. This court granted that motion and affirmed the convictions and sentencing order.

The defendant then filed the instant petition for post-conviction relief, alleging that the imposition of the consecutive sentence was in violation of section 5—8—4(a) of the Unified Code of Corrections which provides: "The court shall not impose consecutive sentences for offenses which were committed as part of a single course of conduct during which there was no substantial change in the nature of the criminal objective * * *." (Ill. Rev. Stat. 1975, ch. 38, par. 1005—8—4(a).) The circuit court summarily dismissed the second amended petition. The defendant now appeals, contending that, because he committed the felony theft for the sole purpose of avoiding apprehension for the three prior burglaries, the felony theft was neither independently motivated by nor separable from those crimes, and therefore, the court erroneously imposed the consecutive sentence.

■■ The Post-Conviction Hearing Act provides relief only for substantial constitutional violations that were not presented or could not have been presented on direct appeal. (Ill. Rev. Stat. 1979, ch. 38, par. 122—1 *et seq.*; *People v. Johnson* (1978), 63 Ill. App. 3d 745, 380 N.E.2d 531.) In the instant case, even if we were to assume that the alleged error was one of constitutional magnitude, the matter could have been presented on the direct appeal.

Apart from the foregoing procedural defect, however, the petition fails on its merits. The defendant argues that because his felony theft

conviction arose as a part of his single course of conduct, and because there was no substantial change in the nature of the criminal objective, the circuit court erred in sentencing him to a consecutive term for that conviction. A brief recital of the facts shows this contention to be devoid of merit. On the night of January 28, 1976, the defendant and two accomplices went on what could fairly be described as a crime spree. They forcibly entered three Gilman, Illinois, businesses, ransacked their contents, and pocketed any cash that they discovered. Having completed their rampage, they thought it prudent to leave the State. After several hours of searching, they stole an automobile that was located in Sheldon, Illinois, and escaped to Indiana. That stolen-car episode was the basis of the felony theft conviction.

■■ The felony theft offense stands alone as a distinct and separate offense from the burglaries. It is separated in time, purpose and location. The burglaries were completed offenses at the time the car was stolen. While the purpose of the car theft may have been to effectuate an escape, it cannot be held to bar consecutive sentencing. To hold otherwise would be to depart from reason and common sense. Defendant's theory would result in a holding that, conceivably, could include numberless offenses so long as they somehow related to a course of conduct designed to effectuate escape, flight or concealment to protect the culprit from apprehension for the crime in chief. Such is not the law. And truly, in the situation at hand, the only noteworthy connection between the three burglaries and the car theft is that the defendant was responsible for each offense.

For us to hold that the stolen vehicle offense was a result of the same criminal objective as were the three burglaries would strip a sentencing court of its authority to impose consecutive sentences in virtually all multiple-offense situations and thus, would directly contravene the language found in section 5—8—4(a).

For the foregoing reasons, we affirm the order of the circuit court of Iroquois County dismissing the defendant's petition for post-conviction relief.

Affirmed.

SCOTT, P. J., and STOUDER, J., concur.