**Edward MATLACK, Appellant (Petitioner),**

v.

**The STATE of Wyoming, Appellee (Respondent).**

**No. 84–215.**

Supreme Court of Wyoming.

Feb. 19, 1985.

Edward Matlack, pro se.

A.G. McClintock, Atty. Gen., Gerald A. Stack, Deputy Atty. Gen., John W. Renneisen, Senior Asst. Atty. Gen., and Michael A. Blonigen, Cheyenne, for appellee.

Before THOMAS, C.J., and BROWN, ROSE, ROONEY and CARDINE, JJ.

BROWN, Justice.

This appeal is from the court's denial of appellant's petition for post-conviction relief. Appellant contends that his plea of guilty was improperly accepted by the trial court. He also raises as an issue the fact that he was not allowed to appear personally at his post-conviction relief hearing.

We will affirm.

On January 6, 1983, appellant pled guilty to the unauthorized use of an automobile as defined in § 31–11–102, W.S.1977. On July 14, 1984, appellant filed a petition for post-conviction relief according to § 7–14–101, et seq., W.S.1977. Appellant contends that his plea of guilty was improperly accepted because 1) the trial court failed to explain the element of specific intent; 2) the court failed to advise him that he was waiving his rights against self-incrimination by pleading guilty; and 3) the judge did not recognize his defense of intoxication and should not have accepted his plea of guilty.

On July 19, 1984, a hearing was held on appellant's petition for post-conviction relief. At the hearing, appellant communicated with the court by telephone. He was in the penitentiary and had a nonlawyer of his own selection with him as an advisor.

I

Section 31–11–102, W.S.1977, under which appellant was convicted, provides: "Any person or persons who shall without specific authority of the owner or his duly authorized and accredited agent willfully, wantonly, or maliciously take possession of, or drive, or propel, or take away, or attempt to take possession of, drive, propel, or take away an automobile, the property of another, for the purpose of temporarily making use of the same, * * * shall, upon conviction, be guilty of a felony * * *."

There is no specific intent requirement in this statute. The words "willfully, wantonly, or maliciously" contained in a statute do not necessarily render the crime one that requires a showing of specific intent. *Saldana v. State*, Wyo., 685 P.2d 20 (1984); *Simmons v. State*, Wyo., 674 P.2d 1294 (1984); *Dean v. State*, Wyo., 668 P.2d 639 (1983).

Appellant maintains that the trial court treated the crime, unauthorized use of an automobile, as requiring specific intent. This is incorrect. The judge told appellant at the change of plea hearing that voluntary intoxication was a defense to a specific intent crime.[1] The judge also explained that specific intent was not an element in the crime with which appellant was charged.

The trial court's determination that the crime was a general intent crime was correct and relates to appellant's allegations of error in two ways. First, it makes a nonissue of appellant's contention that the trial court did not advise him on the element of specific intent. Second, the defense of intoxication does not apply to general intent crimes. *Carfield v. State*, Wyo., 649 P.2d 865 (1982). It is generally held that general intent is presumed by simply showing that the defendant en-

---

1. This advice is consistent with § 6–1–202(a), W.S.1977, which provides:
   "Self-induced intoxication of the defendant is not a defense to a criminal charge except to the extent that in any prosecution evidence of self-induced intoxication of the defendant may be offered when it is relevant to negate the existence of a specific intent which is an element of the crime."

gaged in the prohibited conduct. 2 Wharton's Criminal Law, § 108, p. 61 (1979). We held in *Armijo v. State*, Wyo., 678 P.2d 864, 869 (1984), that "[a] general intent crime requires only that prohibited conduct be undertaken voluntarily." The issues concerning advice on the element of specific intent and defense of intoxication are without merit.

Appellant also contends that the trial court did not inform him that he was waiving his privilege against self-incrimination by pleading guilty. This advice is required by Rule 15(c)(3), Wyoming Rules of Criminal Procedure. See also *Hoggatt v. State*, Wyo., 606 P.2d 718 (1980). The record clearly indicates that such advice was given; the following took place at the time appellant pled guilty.

> "THE COURT: You also waive your right to remain silent, and I'll ask you questions about the offense under oath, and you'll have to answer those for me.
> "You understand those things, don't you?
> "THE DEFENDANT: Yes, sir."

Rule 15, W.R.Cr.P., sets out in detail the procedure for accepting a guilty plea. The rule, in pertinent part, provides:

> "(c) *Advice to defendant.*—Before accepting a plea of guilty or nolo contendere, the court must address the defendant personally in open court and inform him of, and determine that he understands, the following:
> "(1) The nature of the charge to which the plea is offered, the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law; and
> "(2) If the defendant is not represented by an attorney, that he has the right to be represented by an attorney at every stage of the proceeding against him and, if necessary, one will be appointed to represent him; and
> "(3) That he has the right to plead not guilty or to persist in that plea if it has already been made, and that he has the right to be tried by a jury and at that trial has the right to the assistance of

counsel, the right to confront and cross-examine witnesses against him, and the right not to be compelled to incriminate himself; and
> "(4) That if he pleads guilty or nolo contendere there will not be a further trial of any kind, so that by pleading guilty or nolo contendere he waives the right to a trial; and
> "(5) That if he pleads guilty or nolo contendere, the court may ask him questions about the offense to which he has pleaded, and if he answers these questions under oath, on the record, and in the presence of counsel, his answers may later be used against him in a prosecution for perjury or false statement."

According to the rule, the trial court must also make an inquiry regarding voluntariness of the guilty plea, Rule 15(d); if applicable follow a plea agreement procedure, Rule 15(e); make a determination that there is a factual basis for the plea, Rule 15(f); and insure that a verbatim record is made of the proceedings, Rule 15(g).

We have compared the transcripts of the arraignment and the change of plea hearing with the requirement of Rule 15, W.R. Cr.P., and we determine that the trial court complied with Rule 15 in all particulars.

## II

■ Appellant contends that it was error to conduct the post-conviction relief hearing without his physical presence. Appellant was in the Wyoming State Penitentiary at the time of the hearing and communicated with the court by telephone.

It is discretionary with the court whether the petitioner is physically brought before the court for a hearing on his petition. Section 7–14–106, W.S. 1977, provides:

> "The court may receive proof by affidavits, deposition, oral testimony, or other evidence. In its discretion the court may order the petitioner brought before the court for the hearing. If the court finds in favor of the petitioner, it shall enter an appropriate order with respect to the judgment or sentence in the former pro-

ceedings and such supplementary orders as to rearrangment, retrial, custody, bail or discharge as may be necessary and proper."

Appellant was represented in court by an attorney, and the hearing was reported by the court reporter. At this hearing appellant testified under oath. His trial attorney was also called as a witness, testified under oath and the two witnesses were cross-examined. Appellant, his nonlawyer adviser, and his other attorney also argued the motion for post-conviction relief. Conducting the hearing by telephone did not cause any problem as far as we can tell. Appellant does not contend that he was restricted in presenting evidence, including cross-examination.

Appellant refers to numerous federal cases in support of his contention that he had a right to be physically present at the post-conviction relief hearing. E.g., *United States v. Hayman*, 342 U.S. 205, 72 S.Ct. 263, 96 L.Ed. 232 (1952); and *Barber v. United States*, 227 F.2d 431 (10th Cir. 1955).

The rule in the federal courts appears to be:

" * * * Whether the prisoner should be produced depends upon the issues raised by the particular case. Where * * * there are substantial issues of fact as to the events in which the petitioner participated, the trial court should require his production for a hearing." *United States v. Hayman*, supra, 342 U.S. 223, 72 S.Ct. 274, 96 L.Ed. 243.

The rule is otherwise if the issues raised by a post-conviction relief petition can be determined by the files and records in the trial court. Appellant does not cite any cases in which applicant or petitioner participated in the hearing by telephone.

In appellant's application for post-conviction relief, he alleges that his plea of guilty was improperly received by the court and that the court did not comply with Rule 15, W.R.Cr.P.[2] These issues could be determined by the trial court by referring to the files and records in the court. There was

little, if any, relevant evidence produced at the hearing. At the hearing, appellant merely testified that neither his attorney nor the court explained to him his constitutional rights nor complied with Rule 15, W.R.Cr.P. His trial attorney testified that he did so explain. What appellant's trial attorney told him or did not tell him has very little to do with this case. What is important is what the trial court told appellant and what appellant told the court.

We held in the first part of this opinion that the trial court explained to appellant his constitutional rights, fully complying with Rule 15, W.R.Cr.P. This is evident from an examination of appellant's arraignment and change of plea. Several times in these two proceedings, appellant said he understood what the judge told him and that he had no questions. We hold, therefore, that appellant's application for post-conviction relief could have been resolved by considering the files and records in the trial court.

Appellant does not contend that he was restricted in his presentation of evidence or cross-examination. We find no abuse of discretion in holding a hearing under the circumstances of this case without appellant being physically present.

Affirmed.

---

**2.** In his application appellant complains about his sentence, but no mention of that complaint

was made at the hearing and is not raised as an issue on appeal.