Michael **WHITNEY**, Appellant (Petitioner),

v.

The **STATE** of Wyoming, Appellee (Respondent).

No. 86–266.

Supreme Court of Wyoming.

Nov. 18, 1987.

---

Leonard D. Munker, Director, Public Defender Program, and Julie D. Naylor (argued), Appellate Counsel, Cheyenne, for appellant.

Joseph B. Meyer, Atty. Gen., John W. Renneisen, Sr. Asst. Atty. Gen., and David K. Gruver (argued), Asst. Atty. Gen., for appellee.

Before BROWN, C.J., and THOMAS, CARDINE, URBIGKIT and MACY, JJ.

CARDINE, Justice.

This appeal is from an order denying appellant Michael Whitney post-conviction relief. The issues presented for our determination are whether appellant's sentence constitutes cruel and unusual punishment in that "good time" will not accrue to reduce his maximum sentence below the required minimum sentence of eight years and whether his constitutional right to due process was violated by failure of the district court to appoint an attorney to represent him in the post-conviction relief proceeding.

We affirm.

## FACTS

In a plea bargain, appellant pled guilty to one count each of burglary, forgery, and arson. He was sentenced to two terms of eight to ten years and one term of 16 to 20 years, to be served concurrently. This sentence was to be served consecutively with sentences in two other cases, i.e., No. 9584 in which appellant pled guilty to one count of forgery and one count of writing an insufficient funds check for which he was sentenced to two terms of eight to ten years, and No. 9443 in which his burglary probation was revoked and he was sentenced to an additional term of eight to ten years.

In the present case, the judgment and sentence was not appealed. The prosecution dismissed one count of burglary and agreed not to prosecute other known crimes committed by appellant. A request for sentence reduction pursuant to Rule 36, W.R.Cr.P. was denied October 17, 1985. His "Motion for Application for Post–Conviction Release" was denied on September 11, 1986.

## ISSUE I—POST-CONVICTION RELIEF

Appellant claims he is entitled to post-conviction relief because his sentence constitutes cruel and unusual punishment. Section 7–14–101, W.S.1977, allows post-conviction relief as follows:

"Any person imprisoned in the penitentiary who asserts that in the *proceedings which resulted in his conviction* there was a substantial denial of his rights under the constitution of the United States or of the state of Wyoming, or both, may institute proceedings under this act * * *." (Emphasis added.)

As stated, Wyoming statutes permit post-conviction relief only for deprivation of constitutional rights in the proceeding which resulted in conviction. *Johnson v. State*, Wyo., 592 P.2d 285 (1979). Constitutional rights are limited to determination of whether defendant was denied the right to counsel, to have witnesses, and to prepare and present his defense. *Morgan v. State*, Wyo., 708 P.2d 1244 (1985). The application for post-conviction relief does not allege denial of a constitutional right *in the proceedings that resulted in his conviction* as required by § 7–14–101, supra; rather, appellant claims his sentence after conviction was cruel and unusual. Conviction and sentencing are not synonymous. The former relates to the finding of guilt, the latter to the imposition of a sentence after guilt determination. *State v. Garcia*, 99 N.M. 466, 659 P.2d 918 (1983). Here it is the sentence, not the judgment, that is at issue. Appellant was represented by an attorney, obtained a plea bargain, and pled guilty. He does not seek to have the guilt

determination set aside but rather seeks relief from his sentence. It is true that if his sentence is "cruel and unusual" as he claims, it violates a constitutional right; but that violation did not occur in the proceeding that resulted in his conviction. It occurred, if at all, after that proceeding was concluded and cannot be reached in post-conviction relief.

The issue of the ability to attack the constitutionality of a sentence in post-conviction relief was briefed and squarely presented to us by the State in this case. Thus at page 11 of appellee's brief it is stated:

"Under the most liberal reading of the post-conviction statutes, Appellant failed to state a claim upon which relief could be granted. Section 7–14–101 states the circumstances which may rise to a claim under the act. It provides in pertinent part: 'Any person imprisoned in the penitentiary who asserts that in the *proceedings which resulted in his conviction* * * *.' Appellant never asserted that there was a substantial denial of his constitutional rights in the proceeding which resulted in his conviction." (Emphasis in original.)

Although appellant did not respond with the usual reply brief, appellant did present opposing oral argument to the court.

Because claimed constitutional error concerning sentencing cannot be reached under Wyoming post-conviction relief statutes, the court was correct in holding the application without merit, in refusing appointment of counsel, and entering an order of dismissal.

### ISSUE II—MINIMUM SENTENCE— CRUEL AND UNUSUAL PUNISHMENT

■ In the future we will not address this type of claim in post-conviction relief proceedings. We strongly suggest that the question should have been presented on appeal in the first instance. But this appellant did not appeal his judgment of conviction; and while that fact should not now serve to provide him an appeal of the question, we will, nevertheless, in the interest of judicial economy answer his question concerning sentence as if presented on certiorari.

Appellant claims he is deprived of good time without procedural due process and that his sentence constitutes cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution and Art. 1, § 14 of the Wyoming Constitution. He maintains that under the Board of Parole rules, an inmate with an eight-to-ten year sentence can reduce his sentence by accruing good time and complete his sentence in seven years and six months. However, Wyoming statutes require a prisoner to serve *at least* the minimum sentence imposed by the court.

Appellant argues that it is cruel and unusual to deny him the ability to receive six months of good time by imposing a minimum sentence of eight years. This court rejected a similar claim in *Dorman v. State*, Wyo., 665 P.2d 511 (1983). There, the court examined the question of whether imposition of a ten-to-twelve year sentence deprived the appellant of good time allowance without procedural due process. The court stated that there is no constitutional right to be paroled prior to expiration of a valid sentence.

"While the [parole] board has broad discretion in determining when to grant parole, its authority is not without limitation. The legislature has provided that an inmate is not eligible for parole until he has served the minimum sentence imposed by the district court." Id. at 512.

Granting of good time is "a matter of grace," *Dorman v. State*, supra at 513, and not of right. The above case effectively disposes of appellant's contention. The sentence was not violative of the constitution as cruel and unusual punishment.

Affirmed.

URBIGKIT, and MACY, JJ., each filed separate dissenting opinions.

URBIGKIT, Justice, dissenting.

Appellant addressed two issues in this appeal: consideration of the unconstitutional nature of the sentence given under the United States and Wyoming Constitutions,

and denial of appointed counsel as directly required by Wyoming statute if the proceeding is under the post-conviction-relief statute, or as required by the Wyoming Constitution if the proceeding is ancillary to conviction, by consideration of Rule 36, W.R.Cr.P. See Rule 6, W.R.Cr.P., and Art. 1, § 10, Wyoming Constitution.

Whether or not the post-conviction, statutory-relief criteria involving a person serving a felony sentence distinguishes an unconstitutional sentence from an unconstitutional conviction was not a subject defined in appellant's brief or oral argument. Furthermore, this proceeding, uncounseled as the appellant then was, advanced from trial-court and attorney-general construction as a post-conviction-relief action.[1]

The majority determine an unbriefed and unpresented constitutional-statutory adaptation and construction concept, and do not address the presented issue of right to counsel which should be available in either proceeding under Wyoming statute and constitutional criteria or the constitutionality of the sentence given. See *Long v. State*, Wyo., 745 P.2d 547 (No. 86–304, decided November 18, 1987), and *Alberts v. State*, Wyo., 745 P.2d 898 (1987). See also the current United States Supreme Court decisions which, coincidentally, have been decided many years more recently than the death of the late United States Supreme Court Chief Justice Earl Warren noted in *Alberts v. State*, supra, Brown, C.J., dissenting. *Evitts v. Lucey*, 469 U.S. 387, 105 S.Ct. 830, 83 L.Ed.2d 821, *reh. denied* 470 U.S. 1065, 105 S.Ct. 1783, 84 L.Ed.2d 841 (1985), and *Solem v. Helm*, 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983).

Substantively, I would expect that we make more work for both the state and federal judicial systems by this decision, but more persuasively I would believe that mutual analysis and briefing by counsel should preceed adjudicative constitutional review and statutory construction by this court on an issue as important as that presented by this opinion in dispositive issue decision.

MACY, Justice, dissenting.

I dissent. Appellant was, and still is, entitled to an attorney to represent him in post-conviction proceedings, including the preparation of a proper petition, for the reasons stated in *Alberts v. State*, Wyo., 745 P.2d 898 (1987), and *Long v. State*, Wyo., 745 P.2d 547 (1987).

---

1. In supporting the motion to dismiss filed in the district court as then sustained and from which this appeal is taken, the office of the Attorney General argued:

 "The imposition of a sentence with a minimum term greater than a potential good time release date is not cruel and unusual punishment."

 Then presented by appellant by brief and argument as a basis for reversal as his issues were:

 "The sentence appellant received amounts to cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution and Article 1, § 14 of the Wyoming Constitution,"

"Appellant was denied due process by the failure of the district court to appoint an attorney to represent him in post-conviction relief."

Appellee in its brief presented the novel and not previously considered thesis that post-conviction relief was not available with a guilty plea. This court then abstracts one portion of that thesis without the benefit of appellant's consideration to derive a rule by construction to exclude questions of sentencing which would invade both the areas of tried cases and disposition by guilty plea.