Daniel W. DIEFENDERFER,
Appellant (Defendant),

v.

The STATE of Wyoming,
Appellee (Plaintiff).

No. 87-151.

Supreme Court of Wyoming.

Nov. 19, 1987.

Fredric B. Butler, Eagle, Colo., for appellant.

Joseph B. Meyer, Atty. Gen., John W. Renneisen, Deputy Atty. Gen., and Karen A. Byrne, Asst. Atty. Gen., for appellee.

Before BROWN, C.J., and THOMAS, CARDINE, URBIGKIT and MACY, JJ.

CARDINE, Justice.

Appellant Daniel W. Diefenderfer pled guilty to third-degree sexual assault following a reduction of charge plea agreement. He was sentenced to three to five years with all but a jail term of 11 months and five days suspended and was placed on four years probation. His jail sentence has been served. He was discharged from probation February 18, 1987. Thereafter, on March 2, 1987, appellant filed a petition for post-conviction relief asking that the court vacate the judgment and sentence he had already completed. The court dismissed the petition for post-conviction relief, and appellant now appeals.

We affirm.

The bringing of a proceeding for post-conviction relief in Wyoming is governed by §§ 7–14–101 through 7–14–108, W.S. 1977. Section 7–14–101, W.S.1977, provided at the time appellant filed his petition:

"Any person imprisoned in the penitentiary who asserts that in the proceedings which resulted in his conviction there was a substantial denial of his rights under the constitution of the United States or of the state of Wyoming, or both, may institute proceedings under this act [§§ 7–14–101 to 7–14–108]."

Section 7–14–101, supra, affords the remedy of post-conviction relief to persons *imprisoned in the penitentiary*. Appellant was not imprisoned in the penitentiary at the time of filing his petition nor was he in constructive custody of the state of Wyoming, he having been discharged from probation. The district court, therefore, was without jurisdiction under the post-conviction relief statute to entertain or decide appellant's petition.

For jurisdiction to exist, the court must have authority to accept the proceeding and the power to render a particular judgment. *Padlock Ranch Inc. v. Washakie Needles Irrigation District*, 50 Wyo. 253, 61 P.2d 410 (1936). " 'Jurisdiction' is the power to hear and determine the matter in controversy between the parties." *McGuire v. McGuire*, Wyo., 608 P.2d 1278, 1290 (1980). The jurisdiction of a court is found in the law. It is invoked by the bringing of a suit according to judicial procedure, meeting applicable statutory requirements. 21 Am.Jur.2d Criminal Law § 336 (1981).

Appellant did not meet the statutory requirement that the petition for post-conviction relief be by a person imprisoned in the penitentiary. The district court was without jurisdiction to decide the matters presented in appellant's petition for post-conviction relief. The order of the district court dismissing the petition is, therefore,

Affirmed.