James FONDREN, Appellant
(Defendant),

v.

The STATE of Wyoming,
Appellee (Plaintiff).

No. 87–140.

Supreme Court of Wyoming.

Feb. 5, 1988.

---

Leonard D. Munker, State Public Defender, Carol A. Serelson, Appellate Counsel, for appellant.

Joseph B. Meyer, Atty. Gen., John W. Renneisen, Deputy Atty. Gen., Paul S. Rehurek, Asst. Atty. Gen., for appellee.

Before BROWN, C.J., and THOMAS, CARDINE, URBIGKIT and MACY, JJ.

URBIGKIT, Justice.

This is a denied post-conviction-relief petition now presented after initial trial-court conviction of second-degree murder and appeal denial. A request for counsel to assist petitioner in the trial-court post-conviction proceeding was denied, although thereafter granted by this court for the appeal process. We reverse and remand for appointment of counsel, and do not now consider substantive issues including pretrial detention and confession, contended trial errors, or ineffectiveness of counsel at trial and for the resulting appeal. See *Fondren v. State*, Wyo., 724 P.2d 461 (1986).

Following second-degree murder conviction and affirmation on appeal, James Fondren, incarcerated in the Wyoming State Penitentiary by a life sentence, filed a post-conviction-relief petition pursuant to § 7–14–101, et seq., W.S.1977, 1987 Replacement, on March 4, 1987, as an apparent general-form document consisting of eight pages with 19 numbered items, including:

"18. I am ___ am not _x_ (check one) able to pay the costs of this proceeding.

"19. I do _x_ do not ___ (check one) request that counsel be appointed to represent me in this proceeding, pursuant to 7–14–104, Wyoming Statutes as amended,"

together with declaration under penalty of perjury subscribed and sworn to before a notary public. The petition was supported by attached affidavits describing a number of bases for conviction reversal.

In response to the petition, the State filed a motion to dismiss with supporting memoranda, contending that confession-suppression issues could have been raised in post-conviction appeal, and that the claims are otherwise refuted by the record. The requested appointment of legal counsel was not addressed by the State in motion or responsive memorandum, and was in effect rejected by nonappointment when the relief sought in the petition was disallowed by the trial court without hearing.

*Long v. State*, Wyo., 745 P.2d 547 (1987), and most recently *Alberts v. State*, Wyo.,

745 P.2d 898 (1987), are dispositive. We will not consider substantive issues, if any do exist, that may have been presented to the court or may later be provided in amended petition pursuant to provision for amendment in § 7–14–105(c), W.S.1977, 1987 Replacement, from which further trial-court consideration and appropriate proceedings may be conducted and properly concluded.

The State argues that petitioner "did not offer an affidavit of indigence to support his request for appointed counsel." We conclude that the quoted questions and answers in the petition, supported by signatures "under penalty of perjury" and "subscribed and sworn to" clearly suffice, and that a separate, self-standing affidavit to say the same thing is not required. Additionally, in review of the original trial petition, it is discerned that the defendant (1) was without significant funds or assets when the offense occurred; (2) was granted public defender representation for trial and appeal; and (3) would unlikely be sufficiently funded since serving a life sentence.

Reversed and remanded to the trial court for the appointment of the public defender

pursuant to § 7–14–104, W.S.1977, 1987 Replacement, and for further proceedings pursuant to statute.[1]

CARDINE, Justice, dissenting, with whom BROWN, Chief Justice, joins.

I dissent for the same reasons stated in my dissenting opinions in *Long v. State,* Wyo., 745 P.2d 547 (1987), and *Alberts v. State,* Wyo., 745 P.2d 898 (1987). I would remand for determination by the district court whether an attorney should be appointed for appellant, as provided in §§ 7–14–104 and 7–6–104, W.S.1977, because a reasonable person with adequate means would bring this action at his own expense. Parenthetically, I would note that, with rejection of the above statute by the majority, the test now must be whether an unreasonable person, using someone else's money, would bring the action at his expense.

---

1. As evidenced by contentions in petition for rehearing in *Alberts v. State,* supra, as well as other generalized comments, there may have been some question about post-conviction proceedings and process.

Three statutory sections and one evaluative case, in addition to Long and Alberts, should resolve the relationship between filing of the petition and the appointment of counsel, and the further question, if a statutory bar to awarded relief might exist.

"No proceeding under this act shall be commenced more than five (5) years after the conviction and sentence of the accused, unless the petitioner alleges facts showing that the

delay was not due to his own neglect." Section 7–14–101(c), W.S.1977, 1987 Replacement.

"Any claim of substantial denial of constitutional rights not raised in the original or an amended petition is waived." Section 7–14–103, W.S.1977, 1987 Replacement.

See *Bibbins v. State,* Wyo., 741 P.2d 115 (1987), and § 7–14–104, W.S.1977, 1987 Replacement: "*If requested in the petition,* the court, subject to the provisions of W.S. 7–6–101 through 7–6–114, shall appoint the public defender to represent a petitioner who is determined to be a needy person * * *." (Emphasis added.)