Israel SANCHEZ, Appellant
(Defendant),

v.

The STATE of Wyoming,
Appellee (Plaintiff).

No. 87–138.

Supreme Court of Wyoming.

June 7, 1988.

Rehearing En Banc Denied June 29, 1988.

Israel Sanchez, pro se.

Joseph B. Meyer, Atty. Gen., John W. Renneisen, Deputy Atty. Gen., and Karen A. Byrne, Asst. Atty. Gen., for appellee.

Before BROWN, C.J., and THOMAS, CARDINE, URBIGKIT and MACY, JJ.

CARDINE, Justice.

This appeal is from the denial of appellant Israel Sanchez's petition for post-conviction relief. The issues presented for our determination are whether appellant's sentence constitutes cruel and unusual punishment in that "good time" will not accrue to reduce his maximum sentence below the required minimum sentence of twenty-two years and whether his constitutional right to due process was violated by failure of the district court to appoint an attorney to represent him in the post-conviction relief proceeding.

We affirm.

By order filed February 14, 1984, appellant was sentenced to a term of not less than twenty-two years nor more than twenty-four years in the penitentiary, having been found guilty by jury of second-degree murder in violation of § 6–2–104, W.S.1977. On March 10, 1987, appellant filed an application for post-conviction relief in district court. He also filed a motion to proceed in forma pauperis and for appointment of counsel. The State, on March 20, 1987, filed a motion to dismiss and a memorandum in support thereof.

On May 15, 1987, the district court granted the State's motion to dismiss. Appellant's appeal from the order of dismissal was dismissed on July 10, 1987, for want of prosecution. We reinstated the appeal on July 24, 1987, and it is now before us for decision.

The issues presented in this case concern the sentence after conviction and appointment of an attorney. These identical issues were considered in *Whitney v. State*, Wyo., 745 P.2d 902 (1987), and decided adversely to the position of appellant in this case. As required by our pronouncements in Whitney and the doctrine of stare decisis,

We affirm.

URBIGKIT and MACY, JJ., each filed separate dissenting opinions.

URBIGKIT, Justice, dissenting.

In *Whitney v. State*, Wyo., 745 P.2d 902 (1987), without the benefit of litigant briefing or review, a majority of this court determined that sentencing questions would not be considered in the post-conviction review process of § 7–14–101 et seq., W.S.1977 by defining conviction as stated in the statute to exclude entry of the criminal sentence. Under the time constraints which existed to release that opinion concurrently with *Long v. State*, Wyo., 745 P.2d 547 (1987) and *Alberts v. State*, Wyo., 745 P.2d 898 (1987), a more extended dissent was improvident. Since this decision again raises the same constitutional and statutory concepts, an expanded analysis is justified for the problems and penumbra presented.[1]

---

1. This dissent was originally circulated before the 1988 legislative session adjourned. As effec-

In recognition of stare decisis, it is apparent that Sanchez is now intended to deny the right of counsel previously validated in *Long, Alberts,* and *Fondren v. State,* Wyo., 749 P.2d 767 (1988). Even if this court segments out constitutional issues of sentencing to only be subject to presentation in state court by Rule 36, W.R.Cr.P.,[2] counsel under *Long, Alberts,* and *Fondren* should be appointed as required in post-conviction proceedings to establish whether other issues should have been considered and resolved. Otherwise, the problem is magnified by what is now before this court for decision where initial contest on sentencing is made and then when post-conviction petition is filed, the argument is presented by the State that it is a second petition and consequently foreclosed. (See *Kallas v. State,* now pending before this court.) Denial of counsel when requested by the indigent for post-conviction relief under the Wyoming Constitution in sentencing questions would not only ignore the statute as recognized in Alberts and Long, but excise constitutional rights of due process provided by the Wyoming Constitution in Art. 1, § 6, and the right of accused to defend with counsel guaranteed in Art. 1, § 10, as well as the nondiscriminatory operation of law as implicit in Art. 1, § 34.

More divisively, however, as first in Whitney and as now repeated, this court renders a decision on an issue not briefed for appeal. This relegates judicial attention to what should be counsel responsibility, including research and analysis. My analysis of this court's exclusion of sentencing questions in post-conviction relief under the state and federal constitutions would not find precedential application in any other jurisdiction with similar procedures. Certainly the exclusionary approach, except under the Rule 36 methodology, in denial of a hearing on constitutional questions in post-conviction relief proceedings involving sentences, is not validated by federal processes, 28 U.S.C. §§ 2241 and 2255, nor by statutory post-conviction, habeas corpus and coram nobis writs of error in state courts. See Yackle, Post-conviction Remedies, § 38 at 169 (1981). See also *United States v. Morgan,* 346 U.S. 502, 74 S.Ct. 247, 98 L.Ed. 248 (1954).

As illustrative, the ABA standard clearly encompasses the sentence within the post-conviction relief process:

"A post-conviction proceeding should be sufficiently broad to provide relief:

"(a) for meritorious claims challenging judgments of conviction and sentence, including cognizable claims:

"(i) that the conviction was obtained or sentence imposed in violation of the Constitution of the United States or the constitution or laws of the state in which the judgment was rendered;

"(ii) that the applicant was convicted under a statute that is in violation of the Constitution of the United States or the constitution of the state in which judgment was rendered, or that the conduct for which the applicant

---

tive June 9, 1988, Ch. 46, S.L. of Wyoming 1988 was enacted. When effective, the new provisions as amendments to the post conviction relief statutes singularly reduce coverage and the constitutional protections to be available. This new text appears to have no present counterparts in the laws of any other jurisdiction. Constitutional issues to be involved and whether this means that the *Young v. Ragen,* 337 U.S. 235, 69 S.Ct. 1073, 93 L.Ed. 1333 (1949) and *Case v. Nebraska,* 381 U.S. 336, 85 S.Ct. 1486, 14 L.Ed.2d 422 (1965) exhaustion criteria has been eliminated will be left to proper briefing by appellate counsel in future cases. Consequently, little in the past can be compared with what in the future will remain.

2. Rule 36, W.R.Cr.P. was amended March 24, 1987 to be effective June 16, 1987. For current text see Rule 36, W.R.Cr.P. (1987 Cum.Supp.). The prior Rule 36, W.R.Cr.P. stated:

"The court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time provided herein for the reduction of sentence. The court may reduce the sentence within 120 days after receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of the appeal, or within 120 days after entry of any order or judgment of the Supreme Court having the effect of upholding the judgment of conviction. The court may also reduce a sentence upon revocation of a probation as provided by law."

was prosecuted is constitutionally protected;

"(iii) that the court rendering judgment was without jurisdiction over the person of the applicant or the subject matter;

"(iv) that the sentence imposed exceeded the maximum authorized by law or is otherwise not in accordance with the sentence authorized by law;

"(v) that there exists evidence of material facts which were not, and in the exercise of due diligence could not have been, theretofore presented and heard in the proceedings leading to conviction and sentence, and that now require vacation of the conviction or sentence;

"(vi) that there has been a significant change in law, whether substantive or procedural, applied in the process leading to applicant's conviction or sentence where sufficient reason exists to allow retroactive application of the changed legal standard;

"(b) for meritorious claims challenging the legality of custody or restraint based upon a judgment of conviction, including claims that a sentence has been fully served or that there has been unlawful revocation of parole or probation or conditional release." IV ABA Standards for Criminal Justice, Standard 22–2.1 at 22.-16.

Additionally, the direction this court now takes is antagonistic to the recommendation of the National Association of Prosecutors for whom the desired goal is achieve-

ment of the omnibus treatment and resolution of *all post-conviction inquiries in one complete and final proceeding.* Standard 18.3, National Prosecution Standards (National District Attorneys Association) (1st ed. 1977).

The Wyoming remedy for violation of constitutional rights (post-conviction-relief statute), Ch. 63, S.L. of Wyoming 1961, sponsored by two attorneys in H.B. 111, was passed in the session without major change and had not until the recent legislative session been amended significantly since initial passage except in modest provision relating to right to counsel by a 1987 recodification. Digest of the House of Representatives, House Bill 111, p. 357. See *Alberts v. State,* supra and *Long v. State,* supra. The Wyoming statute was originally enacted in response to *Young v. Ragen,* 337 U.S. 235, 69 S.Ct. 1073, 93 L.Ed. 1333 (1949), and similar decisions of the United States Supreme Court. See *Case v. Nebraska,* 381 U.S. 336, 85 S.Ct. 1486, 14 L.Ed.2d 422 (1965). In text, the Wyoming bill followed the Illinois post-conviction hearing statute, now entitled Ch. 38 § 122–1 et seq., Ill.Ann.Stat., and since enacted by the Illinois legislature in 1949, has remained largely unamended except to change the limiting five years to 20 years to explicate an apparent problem of adequacy under the United States Constitution.[3] The significance of the history of post-conviction relief by examination of the jurisdiction of derivation shows an absence of any justification for the present court's decision for disparate treatment of constitutional sentencing inquiry. Any case

---

**3.** The history of post-conviction-relief legislation was related in concurring opinion of Justice Clark in *Case v. Nebraska,* supra, 381 U.S. at 337–338, 85 S.Ct. at:

"It should be pointed out, however, that as early as 1949 this Court in *Young v. Ragen,* 337 U.S. 235 [69 S.Ct. 1073, 93 L.Ed. 1333], articulated the principle that the States must afford prisoners some 'clearly defined method by which they may raise claims of denial of federal rights.' Id., at 239 [69 S.Ct. at 1074–1075]. But compare *Mooney v. Holohan,* 294 U.S. 103 [55 S.Ct. 340, 79 L.Ed. 791] (1935). In stating that proposition the Court noted: 'The doctrine of exhaustion of state remedies, to which this Court has required the scrupulous adherence of all federal courts ... pre-

supposes that some adequate state remedy exists. We recognize the difficulties with which the Illinois Supreme Court is faced in adapting available state procedures to [this] requirement.... Nevertheless, that requirement must be met.' *Young v. Ragen,* supra, at 238–239 [69 S.Ct. at 1074–1075].

"Thereafter, the Illinois Post–Conviction Hearing Act was adopted. It was followed by passage of a statute in North Carolina in 1951 which was 'modeled' on the Illinois Act. *Miller v. State,* 237 N.C. 29, 51, 74 S.E.2d 513, 528 (1953). Nebraska is the seventh State to adopt such a statute since *Young v. Ragen,* supra. [Fn. 3] * * *

"[Fn. 3] Maryland, Maine, Oregon and Wyoming have passed similar legislation. * * *."

precedent, as now continued for nearly 40 years after initial passage in Illinois and 26 years since enacted in this state, is lacking for the present decision. See *People v. Dale,* 406 Ill. 238, 92 N.E.2d 761 (1950), overruled on other grounds sub nom. *People v. Warr,* 54 Ill.2d 487, 298 N.E.2d 164 (1973); *People v. Banks,* 49 Ill.2d 243, 274 N.E.2d 34 (1971); *People v. Jackson,* 47 Ill.2d 344, 265 N.E.2d 622 (1970); *People v. Bilyeu,* 102 Ill.App.3d 130, 57 Ill.Dec. 795, 429 N.E.2d 912 (1981); *People v. Placek,* 43 Ill.App.3d 818, 2 Ill.Dec. 493, 357 N.E.2d 660 (1976); *People v. Logan,* 39 Ill.App.3d 656, 350 N.E.2d 40, cert. denied 430 U.S. 956, 97 S.Ct. 1603, 51 L.Ed.2d 807 (1976); *People v. Chellew,* 20 Ill.App.3d 963, 313 N.E.2d 284 (1974); *People v. Hoffman,* 25 Ill.App.3d 261, 322 N.E.2d 865 (1974); and *People v. Barney,* 89 Ill.App.2d 180, 232 N.E.2d 481 (1967).[4]

It should be recognized that challenge to a facially constitutional sentence as contended to be substantially invalid, would likely first arise in post-conviction-relief appeal. Consequently, I find this decision indigenously and specifically contrary to the object to be served by *Young v. Ragen,* supra when, by present limitation, this court arbitrarily deletes the sentence inquiry. The result is obviously also self-defeating since, axiomatically, ineffectiveness of counsel is consequently matured as a clearly defined contention by the defendant. Lacking precedential basis and logical justification for this limitation of the constitutional remedy, I would reverse this case and require appointment of counsel for further proceedings to see what, if any, validly defined issues, including the constitutionality of the sentence, might be raised in amended petition for review by the trial court.

**4.** The existent Wyoming act, as following the Illinois precedent, as well as the soon to be effective 1988 change, is dissimilar from the initial 1955 Uniform Post–Conviction Relief Act, Vol. 9B U.L.A., p. 550, or the more recent modernized version, U.L.A. Vol. 11, Uniform Post–Conviction Procedure Act, 1966 revised Act in appendices 1980 Post–Conviction Procedures Act, p. 233. Under any version of the Uniform acts, included terminology would not afford op-

Furthermore, no support for this sentencing withdrawal is found in Wyoming post-conviction relief case precedent. The Wyoming statute enacted as Ch. 63, S.L. of Wyoming, 1961,

"AN ACT to provide a remedy for persons convicted and imprisoned in the penitentiary, who assert that rights guaranteed to them by the Constitution of the United States or the State of Wyoming, or both, have been denied or violated in proceedings in which they were convicted,"

matured 15 appeals during the next 26 and one-half years (through 1987). Assuming an average opinion case load of approximately 100 per year, this would demonstrate that post-conviction was approximately six-tenths of one percent of the appellate work encountered by the Wyoming Supreme Court. In those cases, relief was granted to the defendant in one appeal, and one case of trial-court-granted relief was reversed. Otherwise, trial-court-denied relief was affirmed, most usually on a procedural, as distinguished from a substantive basis.

In *Albert v. State,* Wyo., 466 P.2d 826, reh. denied 468 P.2d 968 (1970), although the five-year limitation had expired, this court determined that there was no constitutional deprivation from a joint and conflicting representation issue. A trial transcript was not provided for an actual hearing held on post-conviction. In *Boggs v. State,* Wyo., 484 P.2d 711 (1971), involving a three-year delay in commencement of criminal charges, the amended post-conviction application was ascertained by this court to be "conclusory" preventing any speedy-trial review in post-conviction relief. These two cases were the litigation for the first decade.

The next decade provided:

portunity for this inquiry since sentences are clearly included within the scope of the constitutional questions to be reviewed. Likewise, under present federal law and rules, which include Rule 35, F.R.Cr.P. procedures similar to Wyoming Rule 36, W.R.Cr.P., an attack on a sentence as a constitutional challenge is available under statute as well as rule. See 28 U.S.C. § 2255.

*Teton v. State*, Wyo., 482 P.2d 123 (1971): another belated filing of post-conviction involving a homicide pled to second degree, with resulting sentence of 20 years to life. Although the court noted that the statutory time limitation of five years had expired, it also addressed concern about an adequate basis for the plea and determined that voluntariness was shown. *Collingwood v. State*, Wyo., 493 P.2d 1048 (1972), cert. denied 414 U.S. 847, 94 S.Ct. 113, 38 L.Ed.2d 94 (1973): defendant pled to a charge of stealing a vehicle from his father, and in post-conviction the trial court would not permit the father to testify, although other witnesses were called for evidence whether a crime had actually occurred. *Escobedo v. State*, Wyo., 601 P.2d 1028 (1979): not a post-conviction-relief case. The court held, in responding to the appeal of defendant who attempted to obtain a transcript, that post-conviction had not been requested and that Rule 36, W.R. Cr.P. correction of sentence process, would not provide the transcript for an indigent defendant. *Munoz v. Maschner*, Wyo., 590 P.2d 1352 (1979): misdemeanor for stealing gasoline, enhanced by prior guilt on a misdemeanor to achieve felony status, resulting in penitentiary confinement. The majority concluded that a constitutional issue was not raised by any assertion of trial irregularities, and that, even though the case occurred from a guilty-plea arrangement, that post-conviction relief was foreclosed because the issue submitted should have been resolved by earlier post-plea appeal.

Next followed *Johnson v. State*, Wyo., 592 P.2d 285, cert. denied 442 U.S. 932, 99 S.Ct. 2864, 61 L.Ed.2d 300 (1979): as to some issues raised in appeal, this court determined that res judicata applied from the prior trial and affirmed appeal. Other issues not previously considered on appeal were considered as not factually sustained in a fashion sufficient to justify relief resulting in affirmation of the trial-court denial of the relief. *State v. Berger*, Wyo., 600 P.2d 708 (1979): trial-court decision granting post-conviction relief was appealed by the state and reversed by this court on inquiry about a denied right to appeal

from the prior judgment and sentence involving "attorney misunderstanding." This court determined that the untimely appeal had been jurisdictional and consequently post-conviction relief was not available, even though counsel mistake may have existed. The case would not be good law today by virtue of *Evitts v. Lucey*, 469 U.S. 387, 105 S.Ct. 830, 83 L.Ed.2d 821, reh. denied 470 U.S. 1065, 105 S.Ct. 1783, 84 L.Ed.2d 841 (1985). *Hoggatt v. State*, Wyo., 606 P.2d 718 (1980): reversal of denial of post-conviction relief wherein the record did not demonstrate that a plea had ever been entered by the defendant. Dicta in the case suggested that procedural due process questions could not be considered on post-conviction-relief petitions. *York v. State*, Wyo., 619 P.2d 391 (1980): accommodated a denial of post-conviction relief by the trial court from contentions of plea bargain violation and adequacy of the proceedings preliminary to plea. Substantive disposition: no basis for relief was demonstrated.

During the third decade of the statute: *McCutcheon v. State*, Wyo., 638 P.2d 650 (1982): raised evidentiary search questions following trial and direct appeal; affirmed. On post-conviction, this court held that the issues in prior appeal were res judicata, and also that retrial would not have changed the result. *Morgan v. State*, Wyo., 708 P.2d 1244 (1985): defendant pled to larceny and later alleged mischarge. The majority held that the post-conviction petition did not allege deprivation of a constitutional right, and this charge could only be raised on appeal for which post-conviction was not a substitute. Justice Thomas concurred in apprising that the complaint did state a claim, but analysis of the record demonstrated in the transcript that the elements of the crime charged were appropriately presented at arraignment. *Matlack v. State*, Wyo., 695 P.2d 635, cert. denied 472 U.S. 1030, 105 S.Ct. 3508, 87 L.Ed.2d 638 (1985): a guilty plea was entered, and post-conviction relief raised compliance with provisions of Rule 15, W.R.Cr.P. and was answered by this court in finding no failure. The presence of the defendant at

the post-conviction-relief hearing was denied. *State ex rel. Hopkinson v. District Court, Teton County*, Wyo., 696 P.2d 54, cert. denied 474 U.S. 865, 106 S.Ct. 187, 88 L.Ed.2d 155 (1985): joint habeas-corpus/post-conviction-relief proceeding from a death sentence. Affirming the trial court denial, the court approved the conclusion that post-conviction was ancillary and consequently change of judge was not peremptorily permitted. The general level of issues presented are now pending in a Tenth Circuit review of a United States District Court decision. The ultimate evidentiary validity will be more appropriately reviewed in future time. *Bibbins v. State*, Wyo., 696 P.2d 1300 (1985): a negotiated guilty plea first tested in post-conviction relief was denied and appealed with decision of affirmation that a formal hearing was not required. The record reflected voluntariness of plea, and factual basis of the 25 complaints against counsel was not demonstrated in the petition. This case returned to the Wyoming Supreme Court in *Bibbins v. State*, Wyo., 741 P.2d 115 (1987), with summary disposition that only one post-conviction proceeding was permitted by Wyoming statute. *Price v. State*, Wyo., 716 P.2d 324 (1986): again not a post-conviction relief case at all; a confused result, but accommodated comment by Justice Thomas that

> "Price's remedy, if he has one, is to seek reduction or correction of sentence pursuant to Rule 36, W.R.Cr.P. Alternately, he could pursue the post-conviction relief provided by § 7-14-101 et seq., W.S. 1977." Id. at 332, Thomas, J., dissenting.

The actual issue was a belated appeal and a consideration of effect of *Evitts v. Lucey*, supra.

More recently, in addition to the 1987 rerun of *Bibbins*, supra, 741 P.2d 115, this court considered and released opinions in *Long v. State*, supra; *Alberts v. State*, supra; and *Fondren v. State*, supra, addressing only the issue of right to counsel at a hearing before the trial court. In *Whitney v. State*, supra, 745 P.2d 902, as a predecessor to this case, without briefing in extended issue presentation, we declined to address the right to counsel, and determined that the question of the constitutional nature of a sentence could only be considered under Rule 36, W.R.Cr.P. and not post-conviction. *Diefenderfer v. State*, Wyo., 745 P.2d 556 (1987) was dismissed on the basis that he was no longer in confinement and consequently not within the jurisdiction of post-conviction relief. This court only considered one case substantively, *Pote v. State*, Wyo., 733 P.2d 1018 (1987), which revisited the trial-court-disqualification issue earlier considered in *Hopkinson*, with the same result, determining that a peremptory right to change judges did not exist, and other bias was not demonstrated by the trial judge. This elucidation must rank as one of the more grandiose conclusionary critiques by an appellate court of current time in stating, "naked allegations and conclusions unsupported by" factual material. Id. at 1022. The court did, however, consider the challenged sentence of considerably more than life and determined the result to be acceptable under *Solem v. Helm*, 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983), although noting the failure to raise proportionality of sentence on direct appeal would be a bar to raising it in post-conviction relief proceeding.

The foregoing constitutes a 26 and one-half year record of post-conviction relief in Wyoming in utilization of a statute initially passed to confine discussion to state courts in contravention of the incarcerated individual's usage of habeas corpus in federal court. See Raper (Then Attorney General and later to become a Justice of this court), *Post-Conviction Relief Remedies*, 19 Wyo. L.J. 213 (1964). Probably more real legal activity occurred in one case, *Osborn v. Schillinger*, 639 F.Supp. 610 (D.Wyo.1986), which was really by-passed by Wyoming procedure and went to federal venue, than in all the other Wyoming cases combined, excluding the death-penalty cases of *Hopkinson v. State*, supra (and related Hopkinson cases), and *Engberg v. State*, Wyo., 686 P.2d 541, cert. denied 469 U.S. 1077, 105 S.Ct. 577, 83 L.Ed.2d 516 (1984), now pending on extended post-conviction inquiry (No. 87-15).

Nowhere do I find justification by precedent in this minimal reservoir of Wyoming decisions as affixing an adaptation to the post-conviction-relief statute that constitutionality of sentence, no matter what the period of time after initial entry, can only be considered under Rule 36, W.R.Cr.P.

In recognition of the dual proceeding problems now evidenced by *Kallas v. State*, supra (now pending before this court), it would be provident to consider the questions briefed and submitted by appellant in this case:

"THE SENTENCE APPELLANT RECEIVED AMOUNTS TO CRUEL AND UNUSUAL PUNISHMENT IN VIOLATION OF THE EIGHTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE 1, § 14 OF THE WYOMING CONSTITUTION.

"APPELLANT WAS DENIED DUE PROCESS BY THE FAILURE OF THE DISTRICT COURT TO APPOINT AN ATTORNEY TO REPRESENT HIM IN POST–CONVICTION RELIEF."

Appellee considered those two arguments, and, anticipating Whitney in part, added the contention that:

"APPELLANT'S CLAIM IS NOT COGNIZABLE UNDER WYOMING'S POST–CONVICTION RELIEF ACT § 7–14–101 TO 7–14–108 W.S. 1977."

The thrust of argument in brief is preclusion results by virtue of the right to be considered on appeal which is a subject that has been comprehensively considered by this writer in dissent in *Cutbirth v. State*, Wyo., 751 P.2d 1257 (1988).

The vice of the problem resulting in this case as a procedural status should be self-evident in that, without question, under *Alberts, Long* and *Fondren*, the denial of appointment of counsel was in error. If it is to be said that the proceeding is not one that supports the mandated right of counsel, then it is not, in effect, a post-conviction-relief proceeding. Preclusion to Rule 36 consideration of the unconstitutionality of sentence, denies application of the general post-conviction-relief statute. Consequently, this court does little service to judicial economy since we have now proce-

durally abrogated one proceeding with the probable result that two more are invited to follow. My dissent is premised within the context of judicial economy and procedural efficiency. What we do leads nowhere to the benefit of a unified one-time proceeding.

I would first conclude that sentences under the Wyoming statute should appropriately be subject to constitutional inquiry in post-conviction relief, as may be other issues. Additionally in this case, if it is post-conviction relief, there is a right to counsel, and if it is not post-conviction relief, then petitioner is not foreclosed from both presenting another post-conviction-relief petition and instituting remedial demand under Rule 36 for curative action against what is contended to be an unconstitutional sentence. It is apparent, if one contemplates the substantive issue involved of the relationship of maximum sentence to legislative branch primacy in determination of sentences and executive department primacy in application of good time and parole, that our decision in *Duffy v. State*, Wyo., 730 P.2d 754 (1986), in which I dissented, is actually dispositive. Although I have not receded from the views there stated, the majority determined otherwise, and this fact is noted to illustrate how much time, effort, and cost to both appellate counsel and this court would be saved by an immediate disposition on a substantive basis rather than disingenuous and hampering disposition on a procedural revelation.

I would remand for the appointment of counsel under the post-conviction-relief statute in order to afford the trial court the obligation and, if appropriate, this court the opportunity to resolve and settle constitutional issues raised by the incarcerated prisoner. *Yates v. Aiken*, — U.S. —, 108 S.Ct. 534, 98 L.Ed.2d 546 (1988), invoking *State v. Yates*, 280 S.C. 29, 310 S.E.2d 805 (1982), cert. denied 462 U.S. 1124, 103 S.Ct. 3098, 77 L.Ed.2d 1356 (1983); *Yates v. Aiken*, 474 U.S. 896, 106 S.Ct. 218, 88 L.Ed.2d 218 (1985); *Francis v. Franklin*, 471 U.S. 307, 105 S.Ct. 1965, 85 L.Ed.2d 344 (1985); *Sandstrom v. Montana*, 442 U.S. 510, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1979);

*Yates v. Aiken,* 290 S.C. 231, 349 S.E.2d 84 (1986), cert. granted — U.S. ——, 107 S.Ct. 1601, 94 L.Ed.2d 788 (1987); and *State v. Elmore,* 279 S.C. 417, 308 S.E.2d 781 (1983), should adequately demonstrate that substantive disposition is admirably preferable to a career invocation of continued procedural litigation.

MACY, Justice, dissenting.

I dissent. The district court erred when it failed to appoint an attorney to represent appellant in the post-conviction relief proceedings. See *Long v. State,* Wyo., 745 P.2d 547 (1987), and *Alberts v. State,* Wyo., 745 P.2d 898 (1987).