Ronald DORMAN, Appellant
(Defendant),

v.

The STATE of Wyoming, Appellee
(Plaintiff).

Nos. 83-22, 83-23.

Supreme Court of Wyoming.

June 27, 1983.

Ronald Dorman, appellant, pro se.

A.G. McClintock, Atty. Gen., Gerald A. Stack, Deputy Atty. Gen., John W. Renneis-

en, Sr. Asst. Atty. Gen., Dennis M. Boal, Asst. Atty. Gen., Cheyenne, for appellee.

Before ROONEY, C.J., and RAPER,[*] THOMAS, ROSE and BROWN, JJ.

BROWN, Justice.

Appellant pleaded guilty to second degree sexual assault in violation of § 6–4–303, W.S.1977, and was sentenced to the penitentiary for a term of "not less than ten (10) years and not more than twelve (12) years."[1] Time spent in the county jail was credited to the maximum twelve year sentence. Appellant moved for a corrected sentence under Rule 36, Wyoming Rules of Criminal Procedure.[2]

This appeal is from the district court's denial of motions to correct a sentence. The issues are whether a sentence of imprisonment for a term of not less than ten years, nor more than twelve years, illegally infringes on the power of the executive branch of state government to grant a prisoner parole, and whether it deprives the appellant of good time allowance without procedural due process of law.

We will affirm.

## I

There is no constitutional or inherent right of a convicted person to be paroled before the expiration of a valid sentence. The right to parole, if it exists at all, is a right provided for by the legislature. The legislative enactment creating such right may specify the requirements or conditions an inmate must satisfy to be eligible for parole. *Greenholtz v. Inmates*

---

* Retired June 13, 1983, but continued to participate in the decision of the court in this case pursuant to order of the court entered June 13, 1983.

1. Following pleas of guilty, appellant was also sentenced for third degree sexual assault and for deceitfully issuing checks; the latter charge was by separate information. The trial court ordered that the three separate sentences run concurrently. We need only be concerned with the sentence for second degree sexual assault.

2. Rule 36, W.R.Cr.P.:
"The court may correct an illegal sentence at any time and may correct a sentence im-

---

*of the Nebraska Penal and Correctional Complex,* 442 U.S. 1, 99 S.Ct. 2100, 60 L.Ed.2d 668 (1979).

The Wyoming legislature has vested the power to grant parole in the Wyoming parole board, a part of the executive branch of government. While the board has broad discretion in determining when to grant parole, its authority is not without limitation. The legislature has provided that an inmate is not eligible for parole until he has served the minimum sentence imposed by the district court.

"The board shall have the power to grant a parole * * * to any person imprisoned in any institution under sentence ordered by any district court of this state, other than a life sentence, and who shall have served the minimum term pronounced by the trial court * * *." Section 7–13–402(a), W.S.1977.

The legislature has also allowed that the board of parole may provide for good time allowance through rules and regulations.

"The board shall also have the power to provide by reasonable rules and regulations for the granting of good time and special good time allowances to inmates of the Wyoming state penitentiary and the women's center. * * * The granting, refusal to grant, withholding or restoration of good time or special good time allowances to inmates by the board shall be a matter of grace and not that of right of inmates." Section 7–13–402(c), W.S. 1977, Cum.Supp.1980.

To implement § 7–13–402(c), supra, the board published Chapter IV of its rules and regulations:

> posed in an illegal manner within the time provided herein for the reduction of sentence. The court may reduce the sentence within 120 days after the sentence is imposed, or within 120 days after receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of the appeal, or within 120 days after entry of any order or judgment of the Supreme Court having the effect of upholding the judgment of conviction. The court may also reduce a sentence upon revocation of a probation as provided by law."

"Good Time Allowance

"Section 1. *Definition.* Good time allowance is a reduction of the maximum sentence of an inmate as a result of his good, proper and helpful attitude, conduct and behavior in the institution and/or as a result of his adherence to the rules of the institution. *Good time allowance shall not be granted or awarded to an inmate so as to reduce the time served to less than the minimum sentence.* (Emphasis added.)

"Section 2. *Regular Good Time Allowance.* Regular good time allowance in the amount of ten (10) days shall be granted or awarded to each inmate at the end of each month served by him on his sentence provided that the chief administrative officer of the institution (warden) has not made a determination, pursuant to the procedures set forth in Section 4 of this Chapter, that the attitude, conduct and/or behavior of the inmate has not been good, proper and/or helpful, and/or that the inmate has not adhered to the rules of the institution.

"Section 3. *Special Good Time Allowance.* Special good time allowance in an amount as determined by the Board shall be granted or awarded to an inmate for unusual and extremely beneficial and exemplary services and actions on recommendation of the chief administrative officer of the institution (warden). It shall also be granted or awarded by the Board in an amount not to exceed 120 days to an inmate who has been granted or awarded all the regular good time allowance for which he is eligible and when acceleration of his release date is desired for administrative purposes and when such is recommended by the chief administrative officer of the institution (warden)."

Appellant asserts that under the Wyoming Board of Parole rules an inmate with a twelve-year sentence, less his good time allowance, could complete the twelve-year sentence in less than eight years. However, the rules and statutes also provide that a prisoner must serve at least the minimum sentence imposed by the court. According to appellant, he could complete his maximum sentence in less than eight years because of good time allowance, but cannot be released under the board's rules because he has not completed his minimum sentence.

Because there is a potential here that a good time allowance would eliminate the need to consider parole, appellant contends the power of the executive branch to grant parole has been eliminated by the district court sentence. Appellant says that the sentence of not less than ten years nor more than twelve years therefore violates the separation of powers doctrine of the Wyoming Constitution.

■ The Wyoming legislature has created a right for inmates to be considered for parole. Part of the legislative scheme is the requirement that an inmate must serve the minimum sentence imposed by the court before he can be considered for parole. It is a valid exercise of the legislature's power to impose the requirement, just as it is a valid exercise of the district court's power to impose a minimum sentence. Appellant would like to take advantage of the right granted by the legislature to be considered for parole, but wants to ignore the threshhold requirement created by the legislature that he must complete the minimum sentence. The sentence here does not impose any conditions which would preclude the board's consideration of parole provided appellant is eligible. The district court has not usurped any of the powers of the executive branch.

II

Section 7–13–402(c), supra, clearly provides that granting good time to an inmate is a matter of grace to be exercised by the board. *Hamby v. State,* Wyo., 559 P.2d 1388 (1977). See also *Warden, Lewisburg Penitentiary v. Marrero,* 417 U.S. 653, 94 S.Ct. 2532, 41 L.Ed.2d 383 (1974).

According to § 2, Chapter IV, Wyoming Parole Board Rules and Regulations, at the end of each month appellant's maximum sentence will be reduced by the number of

days of good time earned during the month. It is possible, therefore, for the appellant to accumulate more than three years of good time while serving his minimum sentence. However, good time is not awarded to an inmate to reduce his minimum sentence. Since it is possible that appellant's maximum sentence will be reduced to equal the minimum sentence through the allowance of good time, he may not receive additional good time credit. Because of this, appellant contends that he may be deprived of good time without procedural due process.

The due process clause of the Fourteenth Amendment to the United States Constitution applies only when government action deprives a person of liberty or property. *Greenholtz v. Inmates of the Nebraska Penal and Correctional Complex,* supra. Consequently, to determine whether due process requirements apply, we must first determine the nature and substance of appellant's interest. *Board of Regents of State Colleges, et al. v. Roth,* 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972). To obtain a protectable right of liberty a person must demonstrate more than an abstract need or desire for the right; he must have more than a unilateral expectation of it. Appellant must have a legitimate claim of entitlement to a protectable right. *Board of Regents v. Roth,* supra.

In *Wolff v. McDonnell,* 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974), the court noted that the constitution does not guarantee a prisoner good time credit nor does it require the state to provide one.[3] In Wyoming, a prisoner has a right, granted by the legislature, to receive good time to be deducted from his maximum sentence *with the limitation that the good time allowed shall not reduce the time served to less than the minimum sentence.* The right created by the state does not serve to reduce the minimum sentence. Once again, appellant desires to expand the right created by the state by ignoring the limitation on the good time allowance.

The sentence of the court here does nothing to inhibit the right to parole created by the legislature and implemented by the parole board, and does not deprive appellant of due process. For appellant to prevail we must expand the right to good time created by the legislature. This we cannot do.

Affirmed.

**3.** The court did hold that once the state has created the right to a good time credit, a prisoner cannot be deprived of his good time without observing the minimum procedures required by the due process clause of the Fourteenth Amendment. *Wolff v. McDonnell,* 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974). However, the Nebraska statutes provided a good time deduction from the minimum sentence.