**Michael Peter MOWER,
Appellant (Defendant),**

v.

**The STATE of Wyoming,
Appellee (Plaintiff).**

No. 89–29.

Supreme Court of Wyoming.

March 10, 1989.

Rehearing En Banc Denied March 27, 1989.

Michael P. Mower, pro se.

Joseph B. Meyer, Atty. Gen., John W. Renneisen, Deputy Atty. Gen., for appellee.

Before CARDINE, C.J., and THOMAS, URBIGKIT, MACY and GOLDEN, JJ.

PER CURIAM.

This case came before the court upon the court's own motion to consider the jurisdiction of the court in this appeal. In the process, it became apparent that the court should consider the application of res judicata. The essential question is whether one can appeal from the imposition of a sentence asserting abuse of discretion without raising the lawfulness of the sentence and, following an adverse determination of that appeal, make a claim for relief under Rule 36, W.R.Cr.P., on the ground that the sentence was unlawful.

In *Mower v. State*, 750 P.2d 679 (Wyo. 1988), Michael Peter Mower, the appellant in this case, appealed from the decision of the district court revoking his probation. His contention on appeal was that the district court abused its discretion in reimposing the original sentence instead of a lesser sentence. This court held that the trial court did not abuse its discretion by adjudging that the original sentence should be served. Subsequently, Mower filed a Motion for Credit of Time on Probation, without citing Rule 36, W.R.Cr.P., but contending that the court was required to give him credit against the sentence for time which he had served on probation prior to the initiation of revocation proceedings. Clearly, Mower is contending that the sentence was unlawful. This contention is foreclosed by the doctrine of res judicata. *Wright v. State*, 718 P.2d 35 (Wyo.1986). While post-conviction relief does not reach sentencing issues which are not included in those errors leading to conviction, *Whitney v. State*, 745 P.2d 902 (Wyo.1987), the failure to raise such an issue in Mower's first

appeal should invoke our doctrine of procedural waiver, just as would the failure to raise an error leading to conviction. Cf., *Cutbirth v. State*, 751 P.2d 1257 (Wyo. 1988). Nothing in the file evidences good cause for the failure to raise the issue in the first appeal, nor is it apparent that prejudice pertains.

Finally, Mower is not without remedy. He can seek relief at that point in time at which, according to his calculations, he has served his sentence and is no longer subject to incarceration.

The order that denied Mower's Motion for Credit of Time on Probation is affirmed.