**Gaetano PELUSO, Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

**No. 89–252.**

Supreme Court of Wyoming.

Dec. 15, 1989.

Gaetano Peluso, pro se.

Joseph B. Meyer, Atty. Gen., for appellee.

Before CARDINE, C.J., and THOMAS, URBIGKIT, MACY and GOLDEN, JJ.

PER CURIAM.

Appellant Gaetano Peluso appeals from an order of the district court denying his motion for credit against his minimum sentence for time served in the county jail.

We affirm.

Appellant pleaded guilty and was sentenced to the Wyoming State Penitentiary for a term of three to ten years for one count of taking indecent liberties with a minor; two terms of three to five years each for two counts of third-degree sexual assault; and three terms of six months each for three counts of furnishing alcohol to minors. The district court ordered that the sentences run concurrently. Appellant received credit against his maximum sentence for time served in the county jail. He filed several motions for reduction of sentence, and all were denied. Eventually, he filed a motion seeking credit against his *minimum* sentence for time served in the county jail. The district court denied the motion, and Appellant appealed that decision.

Although no briefs have been filed, it is apparent that the only issue Appellant could raise is whether the district court abused its discretion by denying his motion for credit against his minimum sentence for jail time served. We have previously disposed of such cases summarily and without briefing. *McFarlane v. State*, 781 P.2d 931 (Wyo.1989); *Peper v. State*, 768 P.2d 26 (Wyo.1989); *Mower v. State*, 770 P.2d 233 (Wyo.1989).

The district court has broad discretion in determining whether to grant a motion for credit of time served in jail against a minimum sentence, and we will not disturb its determination absent an abuse of that discretion. A district court is not required to grant credit against a minimum sentence for time served in jail preceding sentencing as long as the sentence is otherwise legal. *Lightly v. State*, 739 P.2d 1232 (Wyo.1987). The record is clear that, during the sentencing hearing, the district court specifically considered and decided not to give Appellant credit against his minimum sentence for the time he was incarcerated in the county jail. The record is also clear that the district court did not abuse its discretion by denying Appellant's motion for credit against his minimum sentence.

Affirmed.