16 F.3d 416
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Russell F. HARRISON, Plaintiff-Appellant,
v.
Hank DUFFY, Vice Chairman, Wyoming Parole Board, Defendant-Appellee.
 No. 93-8054.
 United States Court of Appeals, Tenth Circuit.
 Jan. 21, 1994.
 
 1
 Before TACHA and BRORBY, Circuit Judges, and BROWN,** Senior District Judge.
 
 ORDER AND JUDGMENT[1]
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 Plaintiff Russell F. Harrison appeals from an order of the district court dismissing his complaint filed pursuant to 42 U.S.C.1983, on the ground that defendant Hank Duffy, Vice Chairman of the Wyoming Parole Board, was absolutely immune from suit for actions taken in performance of his official duties. We agree. See Russ v. Uppah, 972 F.2d 300, 303 (10th Cir.1992).
 
 
 4
 Plaintiff also alleged his right to due process had been denied and asked for a "fair and impartial" hearing before the Parole Board. Plaintiff asked the Parole Board that his life sentence be commuted to one for a term of years so that he could be considered for parole.
 
 
 5
 The Wyoming legislature has granted inmates only a right to be considered for parole, see Dorman v. State, 665 P.2d 511, 513 (Wyo.1983), it has created no right to commutation of a sentence. Therefore, because commutation is a matter of grace and not a right, plaintiff has no actionable claim. Cf. Candelaria v. Griffin, 641 F.2d 868, 869-70 (10th Cir.1981)(identifying when due process safeguards apply to parole hearing); cf. also Greenholtz v. Inmates of the Neb. Penal & Correctional Complex, 442 U.S. 1, 16 (1979)(same).
 
 
 6
 The judgment of the United States District Court for the District of Wyoming is AFFIRMED.
 
 
 
 **
 Honorable Wesley E. Brown, Senior District Judge, United States District Court for the District of Kansas, sitting by designation
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. --- F.R.D. ----