25 F.3d 1056
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Robert William DeSPAIN, Plaintiff-Appellant,
v.
WYOMING STATE PENITENTIARY DEPARTMENT OF CORRECTIONS WARDEN,
aka Duane Shillinger; Wyoming Governor, aka Mike Sullivan;
Wyoming Attorney General, aka Joseph Meyer; Randy Baunach,
Counselor and Parole Board Coordinator at Wyoming State
Penitentiary; Wyoming Department of Corrections Director,
aka Judy Uphoff and Wyoming Parole Board, Defendants-Appellees.
 No. 93-8102.
 United States Court of Appeals, Tenth Circuit.
 June 1, 1994.
 
 Before LOGAN, SETH and BARRETT, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); Tenth Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 This is an appeal by plaintiffs, Edward Shaughnessy and Robert William DeSpain, inmates of the Wyoming State Penitentiary, appearing pro se, from the district court's order dismissing their civil rights complaint filed pursuant to 42 U.S.C.1983. Plaintiffs alleged that at the time their respective sentences were entered, the rules and regulations of the Wyoming Parole Board entitled them to appear before the Board on a yearly basis, but that in 1989 the rules and regulations were changed so as to require inmates serving consecutive sentences, such as plaintiffs, to wait five years or until they had reached their "bottom number" before appearing before the Board.
 
 
 3
 The district court dismissed the plaintiffs' complaint, which sought compensatory and punitive damages and declaratory relief for denial of their liberty and freedom, on the ground that plaintiffs are actually seeking release from imprisonment through the process of parole and, accordingly, their remedy lies exclusively through a habeas corpus petition. (R., Vol. 1, Tab 15).
 
 
 4
 On appeal, plaintiffs contend that (1) laws changing the date of a prisoner's parole eligibility date to their detriment after commission of the offense are prohibited under Article I 9 and 10 of the United States Constitution as Ex Post Facto laws, (2) the Wyoming Parole Board is misapplying its own rules to plaintiffs in denying their annual parole/commutation hearings in violation of due process under the Fourteenth Amendment of the United States Constitution, and (3) the district court erred in sua sponte concluding that the plaintiffs were actually seeking release from confinement, and should petition for a writ of habeas corpus.
 
 
 5
 We grant plaintiffs'-appellants' motion for leave to proceed on appeal in forma pauperis and/or for a certificate of probable cause in order to reach the merits.
 
 
 6
 We agree with the district court's conclusion that plaintiffs' complaint is frivolous under 28 U.S.C.1915(d) on the ground that plaintiffs are actually seeking release from confinement and that their remedy lies exclusively through a habeas corpus petition. We, however, further hold that plaintiffs' complaint is subject to dismissal as frivolous on a separate ground, i.e., that it is based upon an infringement of a legal interest which does not exist under the United States Constitution. See Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).
 
 
 7
 "The Due Process Clause applies when government action deprives a person of liberty or property." Greenholtz v. Nebraska Penal Inmates, 442 U.S. 1, 7 (1978). An inmate does not have a legitimate claim to parole unless he can establish a liberty interest. Id. at 7. There are no constitutional or inherent rights to parole prior to service of a valid sentence, and absent state standards for granting parole, decisions of a parole board do not automatically invoke due process protections. Id. at 7-8.
 
 
 8
 Section 7-13-402(a), W. S. (1977) provides in relevant part: "The board m ay grant a parole to any person imprisoned in any institution under sentence ... provided the person has served the minimum term pronounced by the trial court less good time, if any, granted under rules promulgated pursuant to W. S. 7-13-420." (Emphasis supplied).
 
 
 9
 In Dorman v. State, 665 P.2d 511, 512 (Wyo.1983), the Wyoming Supreme Court held that under Section 7-13-402(a), W. S.1977, the Wyoming Parole Board has broad discretion in determining when to grant parole, except that no inmate is eligible for parole until he has served the minimum sentence imposed by the district court.
 
 
 10
 Under the principles established in Greenholtz, the above Wyoming statute creates no "legitimate expectation of release." Greenholtz, 442 U.S. at 12. The Wyoming statute grants the parole board broad discretion in making parole decision, once an offender is eligible. Accordingly, we hold that the Wyoming parole statute does not create a liberty interest entitling plaintiffs to due process protections of the Fourteenth Amendment of the United States Constitution, and thus cannot be used as a basis for relief under 1983.
 
 
 11
 AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470