25 F.3d 1058
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Edward Paul SHAUGHNESSY, Petitioner-Appellant,
v.
Guane SHILLINGER, Warden; Attorney General of the State of
Wyoming, Respondents-Appellees.
 No. 94-8007.
 United States Court of Appeals, Tenth Circuit.
 June 2, 1994.
 
 Before LOGAN, SETH and BARRETT, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); Tenth Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Edward Paul Shaughnessy, an inmate of the Wyoming State Penitentiary, appearing pro se, appeals from the district court's Order adopting the findings of fact and recommendations of the magistrate judge in granting a motion to dismiss petitioner's 28 U.S.C. 2254 petition for a writ of habeas corpus.
 
 
 3
 Petitioner pleaded guilty to two counts of burglary and one count of unauthorized use of an automobile and was sentenced on March 21, 1981, by the Wyoming State District Court for the Sixth Judicial District. He was sentenced to ten years and six months to fourteen years on the burglary counts, and nine to ten years on the unauthorized use of an automobile count. The sentences were ordered to run concurrently.
 
 
 4
 Thereafter, on April 21, 1981, petitioner pled guilty to burglary in the Wyoming State District Court for the Fourth Judicial District and was sentenced to ten years and six months to fourteen years, to be served consecutively to the sentences imposed on March 21, 1981.
 
 
 5
 On October 27, 1988, the Wyoming Board of Parole commuted petitioner's sentence imposed on March 21, 1981, to time served. Commencement of petitioner's consecutive sentence became effective on December 25, 1988.
 
 
 6
 Apparently, when petitioner was convicted the procedural rules of the Wyoming Parole Board entitled him to yearly or annual consideration of his parole eligibility. These rules were revised in 1988 and 1992, and as revised they reduce the frequency of petitioner's eligibility to appear before the Parole Board. In his petition and on appeal, petitioner alleges that the revision of the Parole Board rules violated the ex post facto clauses of both the Wyoming and United States Constitutions, and, in effect, enlarged the term of his sentence.
 
 
 7
 The district court adopted the findings and recommendations of the magistrate judge that no ex post facto violation occurs when, as here, the change in the law is merely procedural and does not affect substantive rights. We agree.
 
 
 8
 "The Due Process Clause applies when government action deprives a person of liberty or property." Greenholtz v. Nebraska Penal Inmates, 442 U.S. 1, 7 (1978). An inmate does not have a legitimate claim to parole unless he can establish a liberty interest. Id. at 7. There are no constitutional or inherent rights to parole prior to service of a valid sentence, and absent state standards for granting parole, decisions of a parole board do not automatically invoke due process protections. Id. at 7-8.
 
 
 9
 Section 7-13-402(a), W. S. (1977) provides in relevant part: "The board may grant a parole to any person imprisoned in any institution under sentence ... provided the person has served the minimum term pronounced by the trial court less good time, if any, promulgated pursuant to W. S. 7-13-420."
 
 
 10
 In Dorman v. State, 665 P.2d 511, 512 (Wyo.1983), the Wyoming Supreme Court held that under Section 7-13-402(a), W. S.1977, the Wyoming Parole Board has broad discretion in determining when or whether to grant parole, except that no inmate is eligible for parole until he has served the minimum sentence imposed by the district court.
 
 
 11
 Under the principles established in Greenholtz, the above Wyoming statute creates no "legitimate expectation of release." Greenholtz, 442 U.S. at 12. The Wyoming statute grants the parole board broad discretion in making parole decisions once an offender is eligible. Accordingly, we hold that the Wyoming parole statute does not create a liberty interest entitling plaintiff to any protection under the ex post facto clauses of the Wyoming and United States Constitutions. Changes in the procedural framework by which discretionary parole decisions are made does not offend the ex post facto clause. Portly v. Grossman, 444 U.S. 1311, 1312-13 (1980).
 
 
 12
 AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470